1   Andrew N. Kohn, Esq., SBN 166385
2   Allen Theweny, Esq., SBN 326032
    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
    11622 El Camino Real, Suite 300
3   San Diego, California  92130-2051
    Tel:   (858) 755-8500
4   Fax:   (858) 755-8504
    Email: akohn@pettitkohn.com
5          atheweny@pettitkohn.com

6   Attorneys for Defendant
    **WALMART INC.**
7

8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10  LORENA VELAZQUEZ, an         Case No.   **'23 CV 0027 JM   JLB**
    Individual,
11                               **NOTICE OF REMOVAL OF
                      Plaintiff,  ACTION PURSUANT TO 28 U.S.C.
12                               SECTIONS 1332 AND 1441(a) and
    v.                           (b)**
13
    WALMART INC., a Delaware     Courtroom:
14  Corporation; PROTEA          Judge:
    PROPERTIES, LLC, a Delaware  Magistrate Judge:
15  Corporation; and DOES 1 through  Filed:          June 6, 2022
    50, Inclusive,               Trial Date:
16
                     Defendants.
17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19          PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by

20  and through its undersigned counsel, hereby removes the above-entitled action filed

21  by Plaintiff LORENA VELAZAQUEZ ("Plaintiff") in the Superior Court of the

22  State of California, County of San Diego, Case No. 37-2022-00021526-CU-PO-

23  CTL to the United States District Court, Southern District of California pursuant to

24  28 U.S.C. section 1441, and respectfully alleges as follows:

25          1.      On June 6, 2022, an action was commenced in the Superior Court of

26  the State of California, County of San Diego, entitled *Lorena Velazquez v. Walmart*

27  *Inc. et al.*, Case No. 37-2022-00021526-CU-PO-CTL ("the State Action").  A copy

28  of the Complaint filed in the State Action is attached hereto as **Exhibit "1."**

                                    1

Plaintiff filed a First Amended Complaint on September 12, 2022, a copy of which is attached as **Exhibit "2."**

2.      Walmart was served with a copy of the Complaint filed in the State Action and a Summons from the State Court on October 5, 2022.  A copy of the Summons on First Amended Complaint with the Proof of Service is attached hereto as **Exhibit "3."**

3.      On November 3, 2022, Walmart timely filed its Answer to Plaintiff's Complaint, attached hereto as **Exhibit "4."**

4.      Based on a review of the State Court file as of January 9, 2023, no other Defendant has been served with any Summons or Complaint in the State Action.

5.      Plaintiff's Complaint purports to assert causes of action based in premises liability and negligence.  Plaintiff's Complaint seeks to recover damages for lost wages, loss of earning capacity, hospital and medical expenses, past and future medical expenses, and past and future general damages.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(A)

6.      This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1) because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. sections 1441 (a) and (b).

### a.      Plaintiff is a Citizen of California

7.      Plaintiff is domiciled in and is presently a citizen of the State of California.  On or about December 20, 2022, Plaintiff responded to Walmart's Form Interrogatories (Set One) verifying that she is domiciled in the State of California, and thus a present citizen of California.  Plaintiff has resided in California since at least 2010.  Attached hereto as **Exhibit "5"** is Plaintiff's verified responses to Walmart's Form Interrogatories (Set One) (see 4:26-5:6).  Plaintiff further admitted that she is a citizen of the State of California, and her permanent

NOTICE OF REMOVAL OF ACTION
CASE NO.:

residence is in California.  Attached hereto as **Exhibit "6"** is Plaintiff's verified responses to Walmart's Requests for Admission (Set One) (see 13:21-14:5).

      **b.**     **Plaintiff Claims Damages in Excess of $75,000**

     8.     Plaintiff claims approximately $11,627,871.96 in damages.  Attached hereto as **Exhibit "7"** is Plaintiff's Statement of Damages.  As result of the incident, Plaintiff claims to have sustained a mild traumatic brain injury and orthopedic injuries.  (See **Exhibit "5"** [8:25-11:14].)  Plaintiff's claim for general damages alone seeks over $8,000.000.  Plaintiff further claims past medical expenses ($827,871.96), future medical expenses ($2,000,000), incidental damages, lost earnings ($500,000, future lost earnings ($300,000), and other damages to be proven at the time of trial.  Accordingly, the amount in controversy, exclusive of costs and interests, certainly exceeds the minimum requirement required for diversity jurisdiction under 28 U.S.C. section 1332(a).

      **c.**     **Walmart is a Citizen of Delaware**

     9.     Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas).  Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibits "8" and "9,"** respectively.

     10.     Because the State Action is pending in the Superior Court of California in and for the County of San Diego, removal of this action to this District Court is proper under 28 U.S.C. section 1441(a).

     11.     Removal is timely under 28 U.S.C. section 1446(b) because this Notice of Removal is filed within 30 days of Walmart receiving notification from Plaintiff's discovery responses that she was a citizen of the State of California and that the total amount in controversy exceeds the jurisdictional requirements of $75,000, exclusive of costs and interests.  It was not until Plaintiff served her discovery responses, and Statement of Damages, concerning the nature and extent

1  of his injuries and confirming his citizenship in the State of California, that

2  Walmart learned this matter exceeded the jurisdictional requirements for diversity

3  jurisdiction under the Federal Rules of Civil Procedure.

4       12.    Written notice of the filing of this Notice of Removal will be promptly

5  served on Plaintiff.  A true and correct copy of this Notice of Removal and the

6  concurrently filed Notice of Interested Parties and Civil Cover Sheet will be filed

7  with the Clerk of the Superior Court of the State of California in and for the County

8  of San Diego as soon as practicable.

9       **WHEREFORE**, Walmart requests that the above-entitled action be

10  removed from the Superior Court of the State of California, County of San Diego

11  to the United States District Court.

12                           **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

13

14  Dated:  January 6, 2023        By /s/ Allen Theweny
                                   Andrew N. Kohn, Esq.
15                                 Allen Theweny, Esq.
                                   Attorneys for Defendant
16                                 **WALMART INC.**

17

18

19

20

21

22

23

24

25

26

27

28

4

NOTICE OF REMOVAL OF ACTION
CASE NO.:

*LORENA VELASQUEZ V. WALMART INC., ET AL.*

**NOTICE OF REMOVAL**
**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGE NUMBER |
|---------|-------------|-------------|
| 1 | Complaint | 5 |
| 2 | First Amended Complaint | 11 |
| 3 | Summons on First Amended Complaint and Proof of Service | 18 |
| 4 | Defendant Walmart Inc.'s Answer to Plaintiff's First Amended Complaint | 22 |
| 5 | Plaintiff's verified response to Defendant Walmart Inc.'s Form Interrogatories (Set One) | 30 |
| 6 | Plaintiff's verified response to Defendant Walmart Inc.'s Requests for Admission (Set One) | 42 |
| 7 | Plaintiff's Statement of Damages | 49 |
| 8 | California Secretary of State Certificate of Status | 51 |
| 9 | Arkansas Secretary of State Corporation Information | 52 |

JUSTIN FARAHI, ESQ. (SBN 298086)
**FARAHI LAW FIRM, APC**
12079 Jefferson Boulevard
Los Angeles, California 90230
(310) 774-4500
Fax No. (424) 295-0557

Attorney for Plaintiff
LORENA VELAZQUEZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/06/2022** at 10:56:52 AM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| **LORENA VELAZQUEZ, an Individual;** ) | Case No.: 37-2022-00021526-CU-PO-CTL |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR:** |
| ) | **1. GENERAL NEGLIGENCE and** |
| v. ) | **2. PREMISES LIABILITY** |
| ) | |
| **WALMART INC., A DELAWARE** ) | |
| **CORPORATION;PROTEA PROPERTIES,** ) | |
| **LLC, A DELAWARE CORPORATION; and** ) | |
| **DOES 1 through 50, Inclusive;** ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendants. | |

   **COMES NOW**, Plaintiff **LORENA VELAZQUEZ**("the **PLAINTIFF**"), an individual, and for causes of action against Defendant **WALMART INC. (WALMART) A DELAWARE CORPORATION**, Defendant **PROTEA PROPERTIES, LLC, A DELAWARE CORPORATION,** and Defendants **DOES 1 through 50, Inclusive**("the **DEFENDANTS**") complains and alleges as follows:

## **THE PLAINTIFF**

1.   At all times relevant herein, the **PLAINTIFF** is an individual residing at1500 3rd Ave. #18, Chula Vista, CA 91911.

### THE DEFENDANTS

2.  The **PLAINTIFF** is informed and believes and based thereon alleges that at all relevant times herein, Defendant **WALMART INC.,** is a Delaware corporation, with principal place of business at 702 Southwest 8th St., City of Bentoville, County of Benton, State of Arkansas.

3.  The **PLAINTIFF** is informed and believes and based thereon alleges that at all relevant times herein, Defendant **PROTEA PROPERTIES, LLC,** is a Delaware Corporation with principal place of business at 3262 Holiday Court Ste 100, La Jolla, CA 92037.

4.  The true names and capacities (whether individual, corporate, or otherwise) of Defendants **DOES 1 through 50, inclusive**, are unknown to the **PLAINTIFF**. The **PLAINTIFF** therefore sues the said Defendants by such fictitious names pursuant to CCP § 474. The **PLAINTIFF** further alleges that each fictitiously named Defendant is in some manner responsible for the acts and occurrences alleged herein. The **PLAINTIFF** will seek leave to amend this Complaint to allege the true names and capacities of Defendants **DOES 1 through 50, inclusive**, when they are ascertained.

5.  The **PLAINTIFF** is informed and believes and based thereon, alleges that each of the named and fictitious Defendants identified in this Complaint was the agent, partner, co-joint venturer, associate, and/or employee of one or more of the other Defendants, and was acting in the course and scope of such agency, partnership, joint venture, association, and/or employment when the acts giving rise to the causes of action occurred.

6.  The **PLAINTIFF** is informed and believes and based thereon alleges that **WALMART INC., PROTEA PROPERTIES, LLC, A DELAWARE CORPORATION,** and Defendants **DOES 1 through 50, inclusive**, are legally responsible for the events and happenings herein referred to, caused damage proximately and foreseeably to the **PLAINTIFF**, as alleged herein.

7.  All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this Complaint are contrary or inconsistent, such allegations shall be deemed alternative.

**VENUE AND JURISDICTION**

8.   Venue in this Court is appropriate as the incident and resulting injury and damage to the **PLAINTIFF** occurred in the County of San Diego, State of California.

9.   Jurisdiction is proper in this case in that the amount in controversy is in excess of the statutory requirements of this Court.

**COMMON ALLEGATION**

10. **PLAINTIFF** is informed and believes, and thereon alleges, that at all relevant times herein, **the Defendants are/were** the owner, lessor, sub-lessor, managing agent, landlord, manager, operator, marketer, inspector, maintainer, and/or controller, of the commercial property located at 1150 Broadway, Chula Vista, CA 91911, County of San Diego, State of California (the "subject premises").

**FIRST CAUSE OF ACTION**
**GENERAL NEGLIGENCE**
**(By the PLAINTIFF against the DEFENDANTS)**

11. The **PLAINTIFF** hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

12. On June 12, 2020, the **PLAINTIFF** was lawfully on the subject premises to shop when a packaged item fell off and as a result, **PLAINTIFF** fell on the floor thereby causing bodily injuries upon her which require medical attention and treatment

13. The Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of the subject premises were in an unsafe condition, and a menace to **PLAINTIFF** and others lawfully on the subject premises.

14. By reason of the aforesaid negligence, carelessness, and recklessness of the Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, a dangerous shopping area that was not properly installed and/or maintained existed in the subject premises causing **PLAINTIFF** to sustain the injuries as herein alleged.

15. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants, and each of them, as aforesaid, was hurt in her health, strength, and activity, sustaining severe shock and injuries to her person, all of which injuries have caused, continue to cause, and will cause PLAINTIFF great physical and **PLAINTIFF** emotional pain and suffering.

16. **PLAINTIFF** is informed and believes and, based thereon, alleges that the said injuries are permanent in nature, entitling Plaintiff CASTILLO to damages in a sum according to proof.

17. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants and each of them, as aforesaid, **PLAINTIFF** has been required to obtain medical services, and has suffered severe emotional distress.

### SECOND CAUSE OF ACTION
### PREMISES LIABILITY
### (By the PLAINTIFF against the DEFENDANTS)

18. **PLAINTIFF** hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

19. **PLAINTIFF** is informed and believes, and thereon alleges, that at all relevant times herein, the **DEFENDANTS** carelessly, and negligently owned, rented, managed, leased, supervised, inspected, operated, maintained, and/or controlled the subject premises, such that it was in a dangerous, defective, and unsafe condition in conscious disregard for the risk of harm to the shoppers therein. By reason of said carelessness, negligence, and conscious disregard of the **DEFENDANTS**, and each of them, the subject premises were unsafe and dangerous to shoppers, specifically to **PLAINTIFF**.

20. The **DEFENDANTS**, and each of them, failed to maintain safe conditions for customer transit within the subject premises, and as a direct result of said negligence, **PLAINTIFF was injured when a box fell on her.**

**WHEREFORE**, the **PLAINTIFF** prays for damages and other jurisdictional relief, as follows:

1. For actual damages according to proof;

2. For general damages according to proof;

3. For special damages according to proof;

4. For costs and expenses of suit; and

5. For such other and further relief as the Court deems just and proper.

Dated: 6 June, 2022

**FARAHI LAW FIRM, APC**

By: _____

JUSTIN FARAHI, ESQ.
Attorney for the Plaintiff
LORENA VELAZQUEZ

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3     PLAINTIFF hereby demands for jury trial.

4

5     Dated: 6 June, 2022

6

7

8

9

10                                            **FARAHI LAW FIRM, APC**
11                                            By:

12

13

14                                            _____
                                              JUSTIN FARAHI, ESQ.
15                                            Attorney for the Plaintiff
                                              LORENA VELAZQUEZ
16

17

18

19

20

21

22

23

24

25

26

27

28

1  Justin Farahi (SBN 298086)
   **FARAHI LAW FIRM, APC**
2  12079 Jefferson Boulevard
3  Los Angeles, California 90230
   Telephone No. (310) 774-4500
4  Fax No. (424) 295-0557

5  Attorney for Plaintiff
   LORENA VELAZQUEZ
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/12/2022** at 08:00:00 AM
Clerk of the Superior Court
By Malka Manneh,Deputy Clerk

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **COUNTY OF SAN DIEGO**

9

10 **LORENA VELAZQUEZ, an Individual;**              CASE NO. 37-2022-00021526-CU-PO-CTL

                                    Plaintiffs,      **FIRST AMENDED COMPLAINT FOR:**
11                                                   **1. GENERAL NEGLIGENCE;**
                                                     **2. PREMISES LIABILITY; AND**
12                    vs.                            **3. NEGLIGENT      HIRING,**
                                                     **   SUPERVISION, OR RETENTION.**
13 **WALMART    INC.,   A   DELAWARE**
   **CORPORATION; PROTEA PROPERTIES,**
14 **LLC,  A  DELAWARE  CORPORATION;**
   **and DOES 1 through 50, Inclusive;**
15
                                    Defendants.      **DEMAND FOR JURY TRIAL**
16

17

18       **COMES NOW**, Plaintiff **LORENA VELAZQUEZ** ("the **PLAINTIFF")**, an individual, and

19 for causes of action against Defendant **WALMART INC. (WALMART) A DELAWARE**

20 **CORPORATION,** Defendant **PROTEA  PROPERTIES,  LLC,  A  DELAWARE**

21 **CORPORATION,** and Defendants **DOES 1 through 50, Inclusive** ("the **DEFENDANTS")**

22 complains and alleges as follows:

23                              **THE PLAINTIFF**

24      1.   At all times relevant herein, the PLAINTIFF is an individual residing at 1500 3rd Ave. #18,

25 Chula Vista, CA 91911.

26 //

27 //

28

- 1 -
COMPLAINT

## THE DEFENDANTS

1

2       2.    The **PLAINTIFF** is informed and believes and based thereon alleges that at all relevant

3    times herein, Defendant **WALMART INC.**, is a Delaware corporation, with principal place of

4    business at 702 Southwest 8th St., City of Bentonville, County of Benton. State of Arkansas.

5       3.    The **PLAINTIFF** is informed and believes and based thereon alleges that at all relevant

6    times herein, Defendant **PROTEA PROPERTIES, LLC,** is a Delaware Corporation with principal

7    place of business at 3262 Holiday Court Ste 100, La Jolla, CA 92037.

8       4.    The true names and capacities (whether individual, corporate, or otherwise) of Defendants

9    **DOES 1 through 50, inclusive**, are unknown to the **PLAINTIFF**. The **PLAINTIFF** therefore sues

10   the said Defendants by such fictitious names pursuant to the California Code of Civil Procedure (CCP)

11   § 474. The **PLAINTIFF** further alleges that each fictitiously named Defendant is in some manner

12   responsible for the acts and occurrences alleged herein. The **PLAINTIFF** will seek leave to amend

13   this Complaint to allege the true names and capacities of Defendants **DOES 1 through 50, inclusive,**

14   when they are ascertained.

15      5.    The **PLAINTIFF** is informed and believes and based thereon, alleges that at all relevant

16   times herein, each of the named and fictitious Defendant identified in this Complaint was the agent,

17   partner, co-joint venturer, associate, and/or employee of one or more of the other Defendants, and

18   was acting in the course and scope of such agency, partnership, joint venture, association, and/or

19   employment when the acts giving rise to the causes of action occurred.

20      6.    The **PLAINTIFF** is informed and believes and based thereon alleges that **WALMART**

21   **INC., PROTEA PROPERTIES, LLC, A DELAWARE CORPORATION,** and Defendants

22   **DOES 1 through 50, inclusive,** are legally responsible for the events and happenings herein referred

23   to, caused damage proximately and foreseeably to the **PLAINTIFF,** as alleged herein.

24      7.    All allegations in this Complaint are based on information and belief and/or are likely to

25   have evidentiary support after a reasonable opportunity for further investigation or discovery.

26   Whenever allegations in this Complaint are contrary or inconsistent, such allegations shall be deemed

27   alternative.

28

1

**<u>VENUE AND JURISDICTION</u>**

2      8.    Venue in this Court is appropriate as the incident and resulting injuries and damages to the

3 **PLAINTIFF** occurred in the County of San Diego, State of California.

4      9.    Jurisdiction is proper before this Honorable Court in that the amount in controversy is in

5 excess $25,000.00 and thus an unlimited civil case.

6

**<u>COMMON ALLEGATIONS</u>**

7      10.   The **PLAINTIFF** is informed and believes and thereon alleges, that at all relevant times

8 herein, **the Defendants are/were** the owners, lessors, sub-lessors, managing agents, landlords,

9 renters, managers, operators, marketers, inspectors, maintainers, and/or controllers, of the commercial

10 property located at Walmart, 75 Broadway, Chula Vista, CA 91910, County of San Diego, State of

11 California (the "Subject Premises").

12

**<u>FIRST CAUSE OF ACTION</u>**

13

**<u>GENERAL NEGLIGENCE</u>**

14

**<u>(By PLAINTIFF against the DEFENDANTS)</u>**

15      11.   **PLAINTIFF** hereby re-alleges and incorporates herein by reference each and every

16 allegation contained in the previous paragraphs, as though fully set forth herein.

17      12.   **PLAINTIFF** alleges that, at all relevant times herein, Defendants **WALMART, INC.,**

18 **PROTEA PROPERTIES**, **LLC** , and **DOES 1 through 50**, and each of them, had a legal duty own,

19 rent, manage, lease, supervise, inspect, operate, maintain, and/or control the Subject Premises in a

20 safe and operable conditions.

21      13.   On June 12, 2020, when **PLAINTIFF** was lawfully on the Subject Premises to shop

22 thereat, a Walmart employee was carrying, moving, and/or transporting a packaged box of

23 considerable weight nearby **PLAINTIFF**, the said packaged box suddenly, and without warning, fell

24 unto the **PLAINTIFF** and caused **PLAINTIFF** to fall on the floor thereby causing bodily injuries

25 upon her.

26      14.   That the aforesaid incident was due to the aforesaid negligence, carelessness, and

27 recklessness of **WALMART, INC., PROTEA PROPERTIES**, **LLC** , and **DOES 1 through 50**,

28

COMPLAINT

1  and each of them, as aforesaid, and as a direct and proximate result thereof, **PLAINTIFF** sustained

2  the injuries as herein alleged.

3       15. As a direct and proximate result of the negligence, carelessness, and recklessness of the

4  Defendants, and each of them, as aforesaid, **PLAINTIFF** was hurt in her health, strength, and activity,

5  sustaining severe shock and injuries to her person, all of which injuries have caused, continue to

6  cause, and will in the future cause **PLAINTIFF** great physical and emotional pain and suffering.

7       16. **PLAINTIFF** is informed and believes and, based thereon, alleges that the said injuries are

8  permanent in nature, entitling **PLAINTIFF** to damages in a sum according to proof.

9       17. As a direct and proximate result of the negligence, carelessness, and recklessness of the

10  Defendants and each of them, as aforesaid, **PLAINTIFF** has been required to obtain medical services,

11  and has suffered severe emotional distress.

12  **SECOND CAUSE OF ACTION**

13  **PREMISES LIABILITY**

14  **(By PLAINTIFF against the DEFENDANTS)**

15       18. **PLAINTIFF** hereby re-alleges and incorporates herein by reference each and every

16  allegation contained in the previous paragraphs, as though fully set forth herein.

17       19. The **PLAINTIFF** hereby re-alleges and incorporates herein by reference each and every

18  allegation contained in the previous paragraphs, as though fully set forth herein.

19       20. On June 12, 2020, when **PLAINTIFF** was lawfully on the Subject Premises to shop

20  threat, a Walmart employee was carrying, moving, and/or transporting a packaged box of

21  considerable weight nearby **PLAINTIFF**, the said packaged box suddenly, and without warning, fell

22  unto the **PLAINTIFF** and caused **PLAINTIFF** to fall on the floor thereby causing bodily injuries

23  upon her.

24       21. **WALMART, INC., PROTEA PROPERTIES**, LLC, and **DOES 1 through 50**, and each

25  of them, fully and well knew, or should have known in the exercise of reasonable care, that the

26  structures and/or components and/or other parts of the subject premises were in a dangerous and

27  unsafe condition, and a menace to **PLAINTIFF** and others lawfully on the subject premises.

28

- 4 -
COMPLAINT

1     22.  By reason of the aforesaid negligence, carelessness, and recklessness of the Defendants,

2  and each of them, as aforesaid, and as a direct and proximate result thereof,  dangerous conditions

3  in the Subject Premises caused **PLAINTIFF** to sustain the injuries as herein alleged.

4     23.  As a direct and proximate result of the negligence, carelessness, and recklessness of the

5  Defendants, and each of them, as aforesaid, **PLAINTIFF** was hurt in her health, strength, and

6  activity, sustaining severe shock and injuries to her person, all of which injuries have caused,

7  continue to cause, and will in the future cause **PLAINTIFF** great physical and emotional pain and

8  suffering.

9     24.  **PLAINTIFF** is informed and believes and, based thereon, alleges that the said injuries

10  are permanent in nature, entitling **PLAINTIFF** to damages in a sum according to proof.

11     25.  As a direct and proximate result of the negligence, carelessness, and recklessness of the

12  Defendants and each of them, as aforesaid, **PLAINTIFF** has been required to obtain medical

13  services, and has suffered severe emotional distress.

14     26.  **PLAINTIFF** is informed and believes and thereon alleges, that at all relevant times herein,

15  the **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50**, carelessly, and

16  negligently owned, rented, managed, leased, supervised, inspected, operated, maintained, and/or

17  controlled the subject premises, such that it was in a dangerous, defective, and unsafe condition, in

18  disregard of the risk of harm to the shoppers therein. By reason of said carelessness, negligence, and

19  conscious disregard of the **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1**

20  **through 50**, and each of them, the subject premises were unsafe and dangerous to shoppers,

21  specifically to **PLAINTIFF**.

22     27.  The **DEFENDANTS**, and each of them, failed to maintain safe conditions for customer transit

23  within the subject premises, and as a direct result of said negligence, **PLAINTIFF** was injured when a box

24  suddenly and violently fell upon her.

25  //

26  //

27  //

28

**THIRD CAUSE OF ACTION:**

**NEGLIGENT HIRING, SUPERVISION, OR RETENTION**

**(By PLAINTIFF against DEFENDANTS)**

28.  **PLAINTIFF** re-alleges and incorporates by reference all of the allegations preceding paragraphs as though fully set forth herein.

29.  At all relevant times herein, **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50**, and each of them, carelessly and negligently employed, selected, trained, maintained, retained, controlled, supervised, and/or managed their employees and/or agents.

30.  That, at all relevant times herein, the employees and/or agents of **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50**, were or became unfit, incompetent, unqualified, incapable, and/or unequipped to perform the tasks, duties, and responsibilities relative to the safety training and procedures at the Subject Premises.

31.  **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50**, and each of them, knew or should have known its employees and/or agents were or became unfit, incompetent, incapable, retained, unqualified, and/or unequipped, and such unfitness, incompetence, incapability, and/or lack of qualifications or equipment caused a packaged box of considerable weight to fall upon **PLAINTIFF.**

32.  As a proximate result of **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50's** negligence in hiring, supervising, selecting, training, maintaining, controlling, supervising, and/or managing of their employees and/or agents, and each of them, **PLAINTIFF** suffered from great physical pain and suffering as well as severe emotional distress and other mental injuries.

33.  As a further direct and proximate result of the negligence, carelessness, and recklessness, of **WALMART, INC., PROTEA PROPERTIES**, **LLC**, and **DOES 1 through 50, PLAINTIFF** has been required to obtain medical services, past, present, and future; has suffered loss of income and earnings, past, present, and future.

1    **WHEREFORE**, the **PLAINTIFF** prays for damages and other jurisdictional relief, as follows:

2    1. For actual damages according to proof;

3    2. For general damages according to proof;

4    3. For special damages according to proof;

5    4. For costs and expenses of suit; and

6    5. For such other and further relief as the Court deems just and proper.

7

8    Dated: September 10, 2022

9

10                                                      **FARAHI LAW FIRM, APC**

11                                                      By:

12

13                                                      JUSTIN FARAHI, ESQ.
                                                        Attorney for Plaintiff
14                                                      LORENA VELAZQUEZ

15

16                              **DEMAND FOR JURY TRIAL**

17        Plaintiff hereby demands for jury trial.

18

19        Dated: September 10, 2022

20

21

22                                                      **FARAHI LAW FIRM, APC**

23                                                      By:

24

25                                                      JUSTIN FARAHI, ESQ.
                                                        Attorney for Plaintiff
26                                                      LORENA VELAZQUEZ

27

28

# SUMMONS ON FIRST
# AMENDED COMPLAINT
## *(CITATION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/12/2022** at 08:00:00 AM

Clerk of the Superior Court
By Malka Manneh,Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

WALMART INC., a Delaware Corporation; PROTEA PROPERTIES,
LLC, a Delaware Corporation; and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LORENA VELAZQUEZ, an Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: San Diego Superior Court<br><br>330 W Broadway, San Diego, CA 92101 | CASE NUMBER:<br>37-2022-00021526-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin Farahi, Farahi Law Firm, APC, 12079 Jefferson Blvd, Los Angeles, California 90239 | (310) 774-4500

| DATE:<br>*(Fecha)* 09/22/2022 | Clerk, by<br>*(Secretario)* M. Manneh | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT "3" - Page 18



**CT Corporation**
**Service of Process Notification**
10/05/2022
CT Log Number 542436248

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in California**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VELAZQUEZ LORENA, an Individual // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Statement(s), Complaint, Attachment(s), Notice(s), Alternative Dispute Resolution, Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court, CA<br>Case # 37202200021526CUPOCTL |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/12/2020, Walmart located at 75 Broadway, Chula Vista, CA, 91910, CA |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/05/2022 at 11:10 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Justin Farahi<br>Farahi Law Firm, APC<br>12079 Jefferson Blvd.<br>Los Angeles, CA 90239<br>310-774-4500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/05/2022, Expected Purge Date: 10/10/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT "3" - Page 19



**CT Corporation**
**Service of Process Notification**
10/05/2022
CT Log Number 542436248

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "3" - Page 20



## PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Oct 5, 2022
**Server Name:**              Jennifer Shaouli

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 37 - 2022 - 00021526 - CU - PO - CTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Andrew N. Kohn, Esq., SBN 166385
Allen Theweny, Esq., SBN 326032
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, California  92130-2051
Tel:   (858) 755-8500
Fax:   (858) 755-8504
Email: akohn@pettitkohn.com
        atheweny@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/03/2022** at 09:57:00 AM

Clerk of the Superior Court
By Jimmy Siharath,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| LORENA VELAZQUEZ, an Individual,<br><br>           Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation;<br>PROTEA PROPERTIES, LLC, a Delaware<br>Corporation; and DOES 1 through 50,<br>Inclusive,<br><br>           Defendants. | Case No. 37-2022-00021526-CU-PO-CTL<br><br>**DEFENDANT WALMART INC.'S<br>ANSWER TO PLAINTIFF'S FIRST<br>AMENDED COMPLAINT**<br><br>**[IMAGED FILE]**<br><br>Dept.:      C-64<br>Judge:     Honorable John S. Meyer<br>Filed:      June 6, 2022<br>Trial:      Not set |

Defendant WALMART INC. ("Defendant"), for its Answer to Plaintiff LORENA

VELAZQUEZ's ("Plaintiff") First Amended Complaint on file herein, admits, denies and alleges

as follows:

## <u>GENERAL DENIAL</u>

Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant denies,

generally and specifically, in the conjunctive and disjunctive, each and every cause of action and

allegation contained in the First Amended Complaint, and the First Amended Complaint as a

whole, and further generally and specifically denies that Plaintiff has sustained any loss, injury, or

damage as a proximate result of any act, breach, or omission on the part of Defendant.

///

///

///

1

DEFENDANT WALMART INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

As a first, separate, affirmative defense, Defendant alleges that the First Amended Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a second, separate, affirmative defense, Defendant alleges Plaintiff, by her own acts and/or omissions, is estopped from recovering at all against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

As a third, separate, affirmative defense, Defendant alleges that, at all times and places alleged in the First Amended Complaint, Plaintiff failed to exercise ordinary and reasonable care on her own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, her own alleged injuries and damages, if any.  Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a fourth, separate, affirmative defense, Defendant alleges Plaintiff, by her own acts and/or omissions, has waived her rights, if any, to recover against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a fifth, separate, affirmative defense, Defendant alleges Plaintiff has failed to mitigate her damages, if any, in connection with the matters referred to in the First Amended Complaint and that such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertainty)

As a sixth, separate, affirmative defense, Defendant alleges the causes of action in the First Amended Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a seventh, separate, affirmative defense, Defendant alleges that the First Amended Complaint, and each and every cause of action or purported cause of action contained therein, is barred by all applicable statutes of limitation including, but not limited to, Code of Civil Procedure section 335.1, 337 and 343.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

As an eighth, separate, affirmative defense, Defendant alleges that, at all times relevant herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

As a ninth, separate, affirmative defense, Defendant alleges that Plaintiff failed to particularize her claims, thereby depriving Defendant the ability to ascertain the true basis of Plaintiff's claim, if any, and the law applicable to the claim.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

As a tenth, separate, affirmative defense, Defendant alleges that the causes of action contained in the First Amended Complaint, and each of them, are barred by the doctrine of laches, in that Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendant.

3

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Obvious Danger)

3      As an eleventh, separate, affirmative defense, Defendant alleges that Plaintiff failed to

4  exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid

5  the alleged incident.  The resulting injuries and damages, if any, sustained by Plaintiff were

6  proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger

7  with regard to the incident in question was obvious to anyone using reasonable care.

8

## TWELFTH AFFIRMATIVE DEFENSE

9

### (Assumption of Risk)

10      As a twelfth, separate, affirmative defense, Defendant alleges that at all times herein

11  mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly

12  assumed any and all risks attendant upon her conduct, including any purported damages alleged

13  to be related thereto and proximately caused thereby.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Intervening Acts of Others)

16      As a thirteenth, separate, affirmative defense, Defendant alleges that the injuries and

17  damages sustained by Plaintiff, if any, were proximately caused by the intervening and

18  superseding actions of others, which intervening and superseding actions bar and/or diminish

19  Plaintiff's recovery, if any, against Defendant.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

21

### (Res Judicata/Collateral Estoppel)

22      As a fourteenth, separate, affirmative defense, Defendant alleges Plaintiff's First

23  Amended Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

24

## FIFTEENTH AFFIRMATIVE DEFENSE

25

### (Comparative Negligence)

26      As a fifteenth, separate, affirmative defense, Defendant alleges that Plaintiff was

27  negligent, and otherwise at fault, with regard to the events alleged in the First Amended

28  Complaint, and such negligence and fault is the proximate cause of any injuries or damages

4

DEFENDANT WALMART INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT

1  Plaintiff may incur.  Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in

2  proportion to her negligence and fault.

3  **SIXTEENTH AFFIRMATIVE DEFENSE**

4  **(Reimbursement)**

5  As a sixteenth, separate, affirmative defense, Defendant alleges that any reimbursement,

6  from whatever source, to Plaintiff of the damages alleged must be applied against any liability of

7  Defendant.

8  **SEVENTEENTH AFFIRMATIVE DEFENSE**

9  **(Failure of Others to Exercise Reasonable Care)**

10  As a seventeenth, separate, affirmative defense, if Defendant is subjected to any liability

11  herein, it will be due in whole, or in part, to the acts and/or omissions of other defendants or other

12  parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced

13  according to law, up to and including the whole thereof.

14  **EIGHTEENTH AFFIRMATIVE DEFENSE**

15  **(Several Liability for Non-Economic Damages)**

16  As an eighteenth, separate, affirmative defense, if Defendant has any liability to Plaintiff

17  in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages

18  under California Civil Code sections 1431.1 and 1431.2, and therefore request a judicial

19  determination of the percentage of its negligence, if any, which proximately contributed to the

20  subject incident.

21  **NINETEENTH AFFIRMATIVE DEFENSE**

22  **(Necessary Parties)**

23  As a nineteenth, separate, affirmative defense, Defendant alleges that Plaintiff has failed

24  to properly join all parties which are necessary or indispensable to this action in accordance with

25  the California Code of Civil Procedure.

26  ///

27  ///

28  ///

5

DEFENDANT WALMART INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT

EXHIBIT "4" - Page 26

1

## **TWENTIETH AFFIRMATIVE DEFENSE**

2

### **(No Constructive Notice of Dangerous Condition)**

3    As a twentieth, separate, affirmative defense, Defendant alleges that the First Amended

4    Complaint, and each and every cause of action alleged therein, is barred by the fact that

5    Defendant did not have constructive notice of the allegedly unsafe conditions on the premises.

6

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7

### **(Acts of Other Parties)**

8    As a twenty-first, separate, affirmative defense, Defendant alleges that, if it is subjected to

9    any liability by Plaintiff herein, it will be due in whole or in part to the acts and/or omissions of

10   other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be

11   barred or reduced according to law, up to and including the whole thereof.

12

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13

### **(Additional Defenses)**

14   As a twenty-second, separate, affirmative defense, Defendant alleges that it may have

15   additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims,

16   due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's

17   claims and due to Plaintiff's failure to provide more specific information concerning the nature of

18   the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may

19   share some responsibility.  Defendant therefore reserves the right to assert additional defenses

20   upon further particularization of Plaintiff's claims, upon examination of the documents provided,

21   upon discovery of further information concerning the alleged damage claims and claims for costs,

22   and upon the development of other pertinent information.

23

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24

### **(Right to Amend Answer)**

25   As a twenty-third, separate affirmative defense, Defendant reserves the right to amend its

26   answer herein, including the addition of affirmative defenses after pleading and discovery in

27   preparation for trial.

28   ///

2354-3424

DEFENDANT WALMART INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT

EXHIBIT "4" - Page 27

1    WHEREFORE, Defendant WALMART INC. prays for judgment against Plaintiff

2  LORENA VELAZQUEZ as follows:

3    1.    That Plaintiff take nothing by way of her First Amended Complaint;

4    2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes

5  of action;

6    3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

7    4.    That Defendant be awarded such other and further relief as the Court may deem

8  just and proper.

9                                          **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

10

11  Dated:  November 3, 2022              By _____

12                                          Andrew N. Kohn, Esq.
                                            Allen Theweny, Esq.
13                                          Attorneys for Defendant
                                            **WALMART INC.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANT WALMART INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE
*Lorena Velazquez v. Walmart Inc., et al.*

2
San Diego County Superior Court Case No. 37-2022-00021526-CU-PO-CTL

3
    I, the undersigned, declare that:

4
    I am and was at the time of service of the papers herein, over the age of eighteen (18)

5
years and am not a party to the action.  I am employed in the County of San Diego, California and my business address is 11622 El Camino Real, Suite 300, San Diego, California  92130.

6
    On November 3, 2022, I caused to be served the following documents:

7
- **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

8

9
**[X]**    **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those

10
parties listed below from e-mail address spalmer@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the

11
original document(s) in our office.

12
Justin Farahi, Esq.
Farahi Law Firm, APC

13
12079 Jefferson Boulevard
Los Angeles, California  90239

14
Tel:    (310) 774-4500
Fax:    (424) 295-0557

15
Email: justin@farahilaw.com

16
    harold@farahilaw.com
    jaqueline@farahilaw.com
    kristoffer@farahilaw.com

17
Attorneys for Plaintiff Lorena Velazquez

18
    I declare under penalty of perjury under the laws of the State of California that the

19
foregoing is true and correct.

20
    Executed on November 3, 2022, at San Diego, California.

21

22
Sharon B. Palmer

23

24

25

26

27

28

8

2354-3424

Justin Farahi (State Bar No. 298086)
**FARAHI LAW FIRM, APC**
12079 Jefferson Boulevard
Los Angeles, CA 90230
Tel: (310) 774-4500
Fax: (424) 295-0557

Attorney for Plaintiff
LORENA VELAZQUEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| LORENA VELAZQUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation; PROTEA PROPERTIES, LLC, a Delaware Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 37-2022-00021526-CU-PO-CTL<br><br>**LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES, SET ONE (1)**<br><br>Judge: Hon. John S. Meyer<br>Dept.: C-64<br>Complaint: August 6, 2021<br>Trial: Not set |

**PROPOUNDING PARTY:**        **DEFENDANT WALMART, INC.**

**RESPONDING PARTY:**        **PLAINTIFF LORENA VELAZQUEZ**

**SET NO.:**        **ONE (1)**

Pursuant to *California Code of Civil Procedure* §§ 2030.210 – 2030.310, LORENA VELAZQUEZ ("Respondent"), hereby provides this objection and response to Defendant WALMART, INC.'s ("Proponent") Form Interrogatories, Set One (1).

### GENERAL OBJECTIONS

Respondent makes the following general objections to each of Proponent's requests. These general objections are specifically incorporated into all of the enumerated responses reflected hereinafter:

**FORM INTERROGATORY NO. 2.2:**

2.2     State the date and place of your birth.

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

2.2     Tijuana, Baja California, Mexico. June 9, 1969.

**FORM INTERROGATORY NO. 2.3:**

2.3     At the time of the **INCIDENT**, did you have a driver's license? If so state:

(a) the state or other issuing entity;

(b) the license number and type;

(c) the date of issuance; and

(d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

2.3     Objection: This request/interrogatory calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. (*Deaile v. Gen'l Telephone*, 40 Cal. App. 3d 841 (1974)).

**FORM INTERROGATORY NO. 2.4:**

2.4     At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so state:

(a) the state or other issuing entity;

(b) the license number and type;

(c) the date of issuance; and

(d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

2.4     Objection: This request/interrogatory calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. (*Deaile v. Gen'l Telephone*, 40 Cal. App. 3d 841 (1974)).

**FORM INTERROGATORY NO. 2.5:**

2.5     State:

-4-

1    (a) your present residence **ADDRESS**;

2    (b) your residence **ADDRESSES** for the past five years; and

3    (c) the dates you lived at each **ADDRESS**.

4    **RESPONSE TO FORM INTERROGATORY NO. 2.5:**

5    2.5    (a) – (b) 1500 3rd Avenue, SPC 18, Chula Vista, CA 91911.

6    (c) 2010 - Present

7    **FORM INTERROGATORY NO. 2.6:**

8    2.6    State:

9    (a) the name, **ADDRESS**, and telephone number of your present employer or place

10    of self-employment; and

11    (b) the name, **ADDRESS**, dates of employment, job title, and nature of work for

12    each employer or self-employment you have had from five years before the

13    **INCIDENT** until today.

14    **RESPONSE TO FORM INTERROGATORY NO. 2.6:**

15    2.6    Not applicable.

16    **FORM INTERROGATORY NO. 2.7:**

17    2.7    (a) the name and **ADDRESS** of each school or other academic or vocational

18    institution you have attended, beginning with high school

19    (b) the dates you attended;

20    (c) the highest grade level you have completed; and

21    (d) the degrees received.

22    **RESPONSE TO FORM INTERROGATORY NO. 2.7:**

23    2.7    (a) Chula Vista Adult School. 1034 4th Ave, Chula Vista, CA 91911.

24    (b) 2010 - 2012

25    (c) Second year

26    (d) Pastry associate degree

27    //

28

-5-

LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES
SET ONE (1)

1  **FORM INTERROGATORY NO. 4.1:**

2      4.1  At the time of the **INCIDENT**, was there in effect any policy of insurance through

3         which you were or might be insured in any manner (for example, primary, pro-rata,

4         or excess liability coverage or medical expense coverage) for the damages, claims,

5         or actions that have arisen out of the **INCIDENT**? If so, for each policy state:

6         (a) the kind of coverage;

7         (b) the name and **ADDRESS** of the insurance company;

8         (c) the name, **ADDRESS**, and telephone number of each named insured;

9         (d) the policy number;

10         (e) the limits of coverage for each type of coverage contained in the policy;

11         (f) whether any reservation of rights or controversy or coverage dispute exists

12         between you and the insurance company; and

13         (g) the name, **ADDRESS**, and telephone number of the custodian of the policy

14  **RESPONSE TO FORM INTERROGATORY NO. 4.1:**

15      4.1  No.

16  **FORM INTERROGATORY NO. 4.2:**

17      4.2  Are you self-insured under any statute for the damages, claims, or actions that have

18         arisen out of the **INCIDENT**? If so, specify the statute.

19  **RESPONSE TO FORM INTERROGATORY NO. 4.2:**

20      4.2  No.

21  **FORM INTERROGATORY NO. 6.1:**

22      6.1  Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**?

23  **RESPONSE TO FORM INTERROGATORY NO. 6.1:**

24      6.1  Yes.

25  **FORM INTERROGATORY NO. 6.2:**

26      6.2  Identify each injury you attribute to the **INCIDENT** and the area of your body

27         affected.

28

LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES SET ONE (1)

EXHIBIT "5" - Page 33

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

6.2     Respondent objects to this interrogatory on the grounds that the interrogatory calls for an expert's opinion from a lay witness; consequently, the interrogatory is oppressive, harassing and without a foundational showing of competency. Since Respondent is not a physician, Respondent is not qualified to state the exact nature of her injuries.

Subject to and without waiving the foregoing objections, Respondent responds as follows:

1.     Mild traumatic brain injury

2.     Post-concussion syndrome and mild traumatic brain injury

3.     Post-concussion/traumatic headaches with migraine-type features.

4.     Post-concussion syndrome

5.     Memory dysfunction and concentration difficulty due to brain concussion

6.     Headaches

7.     Dizziness and giddiness

8.     Insomnia, unspecified

9.     Lower back pain likely due to muscle sprain/strain; however, the possibility of left L5-S1 radiculopathy cannot be excluded.

10.    Lumbar disc tearing/protrusion with persistent pain

11.    Low back pain with multilevel disc protrusion, which is significant at L3-L4.

12.    L3-4 microdiscectomy p/w lateral/anterior thigh pain/numbness.

13.    Lumbar radiculopathy

14.    Low back pain;

15.    Lumbar Strain

16.    Lumbar disc herniation

17.    Lumbar disc tear

18.    Pain in unspecified ankle and joint

19.    Cervicalgia likely due to severe muscle sprain/strain; however, the possibility of left C5-C6 and left C6-C7 radiculopathy cannot be excluded.

| | | |
|---|---|---|
| 1 | 20. | Cervicalgia, |
| 2 | 21. | Cervical disc herniation |
| 3 | 22. | Cervical stenosis |
| 4 | 23. | Cervical strain |
| 5 | 24. | Left ankle injury with persistently painful medial talar dome osteochondral injury. |
| 6 | 25. | Left ankle osteochondral defect with bone cysts |
| 7 | 26. | Left osteochondritis dissecans lesion of the talus |
| 8 | 27. | Left ankle trauma |
| 9 | 28. | Left ankle talofibular ligament strain |
| 10 | 29. | Left ankle strain |
| 11 | 30. | Acute fall, acute contusion, |
| 12 | 31. | Acute ankle sprain |
| 13 | 32. | Left knee ACL tear |
| 14 | 33. | Left knee meniscus tear |
| 15 | 34. | Left knee strain |
| 16 | 35. | Pain in right knee |
| 17 | 36. | Left knee trauma |
| 18 | 37. | Left hip strain |
| 19 | 38. | Left hip bursitis |
| 20 | 39. | Left hip quadratus femoris tear |
| 21 | 40. | Thoracic strain |
| 22 | 41. | Left shoulder strain |
| 23 | 42. | Left shoulder tendinosis/bursitis |
| 24 | 43. | Left shoulder rotator cuff tear |
| 25 | 44. | Left shoulder trauma |
| 26 | 45. | Pain in left shoulder; |
| 27 | 46. | Pain in left arm |
| 28 | | |

-10-

47.     Major depressive disorder

48.     Generalized anxiety disorder

49.     Insomnia and sleep disturbances following the accident.

50.     Anxiety following the accident

51.     Symptoms of depression, fatigue, and mood changes following the accident.

52.     Anxiety disorder, unspecified

53.     Insomnia and sleep disturbances

54.     Depression

55.     Acute extremity injury

56.     Acute pain due to trauma;

57.     Status post fall and closed head trauma in June 2020.

As treatment, investigation and discovery are still ongoing. Respondent reserves the right to supplement or amend this response if additional, responsive, non-privileged information becomes available.

**FORM INTERROGATORY NO. 6.3:**

6.3     Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:

(a) a description;

(b) whether the complaint is subsiding, remaining the same, or becoming worse;

(c) the frequency and duration.

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

6.3.    (a) Headaches.

(b) Becoming worse.

(c) Constantly during the week.

(a) Dizziness.

-11-

(a) **No. 51**

(b) PLAINTIFF sustained serious injuries as a result of the INCIDENT, PLAINTIFF was unable to seek livelihood a result of this injuries and the corresponding continuing medical treatment.

(c) PLAINTIFF Lorena Velazquez. 1500 3rd Avenue, SPC 18, Chula Vista, CA 91911.

(d) As investigation and discovery are ongoing, the Responding Party reserves the right to amend said response if additional, responsive, non-privileged information becomes available.

(a) **No. 52, 53, 54, 55**

(b) PLAINTIFF suffered serious and debilitating injuries. These injuries rendered PLAINTIFF no longer as able to perform work as efficient as before, prior to the incident.

(c) PLAINTIFF Lorena Velazquez. 1500 3rd Avenue, SPC 18, Chula Vista, CA 91911.

(d) As investigation and discovery are ongoing, the Responding Party reserves the right to amend said response if additional, responsive, non-privileged information becomes available.

Dated: December 20, 2022                      **FARAHI LAW FIRM, APC**

By: _____

Justin Farahi
Attorney for Plaintiff
LORENA VELAZQUEZ

-50-

LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES
SET ONE (1)

EXHIBIT "5" - Page 37

Justin Farahi (State Bar No. 298086)
**FARAHI LAW FIRM, APC**
12079 Jefferson Boulevard
Los Angeles, CA 90230
Tel: (310) 774-4500
Fax: (424) 295-0557

Attorney for Plaintiff
LORENA VELAZQUEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| LORENA VELAZQUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation;<br>PROTEA PROPERTIES, LLC, a Delaware<br>Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 37-2022-00021526-CU-PO-CTL<br><br>**VERIFICATION - LORENA VELAZQUEZ RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES SET ONE (1)**<br><br>Judge: Hon. John S. Meyer<br>Dept.: C-64<br>Complaint: August 6, 2021<br>Trial: Not set |

## <u>VERIFICATION</u>

I, LORENA VELAZQUEZ, declare:

1.       With the assistance of my attorney, I have read the document entitled: **PLAINTIFF LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S SPECIAL FORM, SET ONE (1)**, as prepared by my attorneys.

2.       I am a party in this action. This information necessary to prepare the responses includes facts personally known to me and matters which I believe to be true, and the responses were prepared with the advice and assistance of legal counsel.

3.       Accordingly, I rely on my knowledge, and upon my attorneys and their agents for

-1-

EXHIBIT "5" - Page 38

1   the accuracy of some of the information stated in the responses, and on the basis thereof, I am

2   informed and believe that the matters stated therein are true and correct.

3         I declare under penalty of perjury under the laws of the State of California that the foregoing

4   is true and correct.

5         Executed on December 20, 2022, at Los Angeles, California.

6

7                                             _____
                                              LORENA VELAZQUEZ
8                                             *Plaintiff/Respondent*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
VERIFICATION OF LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S FORM
INTERROGATORIES SET ONE (1)

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to this action.  My business address is 12079 Jefferson Boulevard, Los Angeles, California 90230

On December 20, 2022, I served the following document or documents:

1.    **VERIFICATION - LORENA VELAZQUEZ RESPONSES TO DEFENDANT WALMART, INC.'S FORM INTERROGATORIES SET ONE (1)**
2.    **LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR FORM INTERROGATORIES, SET ONE (1)**

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which is printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed below (specify one):

☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the business's practices for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, the delivery was made to the attorney or at the attorney's office by leaving all the documents in an envelope or package that was clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the

-i-

hours of eight in the morning and six in the evening.

☒ **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### SERVICE LIST

| | |
|---|---|
| **ALLEN THEWENY, ESQ.**<br>PETIT KOHN INGRASSIA LUTZ & DOLIN<br>11622 El Camino Real, #300<br>San Diego, CA 92130<br>Tel: (858) 755-8500<br>Fax: (858) 755-8504<br>Email: atheweny@pettitkohn.com | Counsel for Defendant Walmart, Inc. |

☒     (State)          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     (Federal)     I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

       Executed on December 20, 2022, at Los Angeles, California

                          Alice Ventura

-ii-

Justin Farahi (State Bar No. 298086)
**FARAHI LAW FIRM, APC**
12079 Jefferson Boulevard
Los Angeles, CA 90230
Tel: (310) 774-4500
Fax: (424) 295-0557

Attorney for Plaintiff
LORENA VELAZQUEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| LORENA VELAZQUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation; PROTEA PROPERTIES, LLC, a Delaware Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 37-2022-00021526-CU-PO-CTL<br><br>**LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS SET ONE (1)**<br><br>Judge: Hon. John S. Meyer<br>Dept.: C-64<br>Complaint: August 6, 2021<br>Trial: Not set |

**PROPOUNDING PARTY:**　　　　**DEFENDANT WALMART, INC.**

**RESPONDING PARTY:**　　　　**PLAINTIFF LORENA VELAZQUEZ**

**SET NO.:**　　　　　　　　**ONE (1)**

　　　Pursuant to *California Code of Civil Procedure* §§ 2030.210 – 2030.310, LORENA VELAZQUEZ ("Respondent"), hereby provides this objection and response to Defendant WALMART, INC.'s ("Proponent") Requests for Admissions, Set One (1).

### GENERAL OBJECTIONS

　　　Respondent makes the following general objections to each of Proponent's requests. These general objections are specifically incorporated into all of the enumerated responses reflected hereinafter:

-1-

EXHIBIT "6" - Page 42

1 | **REQUEST FOR ADMISSION NO. 51:**

2 |   Admit that YOU did not incur past wage loss as a result of the INCIDENT.

3 | **RESPONSE TO REQUEST FOR ADMISSION NO. 51**

4 |   Denied.

5 | **REQUEST FOR ADMISSION NO. 52:**

6 |   Admit that YOU will not incur future wage loss as a result of the INCIDENT.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

8 |   Denied.

9 | **REQUEST FOR ADMISSION NO. 53:**

10 |   Admit YOU have no loss of earning capacity as a result of the INCIDENT.

11 | **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

12 |   Denied.

13 | **REQUEST FOR ADMISSION NO. 54:**

14 |   Admit that YOU suffered no loss of earning power as a result of the INCIDENT.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

16 |   Denied.

17 | **REQUEST FOR ADMISSION NO. 55:**

18 |   Admit that YOU have not missed any time at YOUR work as a result of the INCIDENT.

19 | **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

20 |   Denied.

21 | **REQUEST FOR ADMISSION NO. 56:**

22 |   Admit that you are a citizen of the State of California.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

24 |   Admitted.

25 | **REQUEST FOR ADMISSION NO. 57:**

26 |   Admit that your permanent residence is in California.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

28 |

LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS SET ONE (1)

1          Admitted.

2     **REQUEST FOR ADMISSION NO. 58:**

3          Admit that you are seeking damages in excess of $75,000.

4     **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

5          Admitted.

6

7

       Dated: December 20, 2022                    **FARAHI LAW FIRM, APC**

8

9

10                                       By: _____

11                                              Justin Farahi
                                               Attorney for Plaintiff
12                                             LORENA VELAZQUEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS
SET ONE (1)

EXHIBIT "6" - Page 44

1  Justin Farahi (State Bar No. 298086)
   **FARAHI LAW FIRM, APC**
2  12079 Jefferson Boulevard
   Los Angeles, CA 90230
3  Tel: (310) 774-4500
   Fax: (424) 295-0557
4

5  Attorney for Plaintiff
   LORENA VELAZQUEZ

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

9  LORENA VELAZQUEZ, an individual,                    Case No.: 37-2022-00021526-CU-PO-CTL

10                            Plaintiff,

11                                                       **VERIFICATION - LORENA**
   vs.                                                   **VELAZQUEZ RESPONSES TO**
12                                                       **DEFENDANT WALMART, INC.'S**
                                                         **REQUEST FOR ADMISSIONS SET**
13  WALMART, INC., a Delaware Corporation;               **ONE (1)**
    PROTEA PROPERTIES, LLC, a Delaware
14  Corporation; and DOES 1 through 50, Inclusive,       Judge: Hon. John S. Meyer
                                                         Dept.: C-64
15                            Defendants.                Complaint: August 6, 2021
                                                         Trial: Not set
16

17

18                              **VERIFICATION**

19          I, LORENA VELAZQUEZ, declare:

20

21      1.      With the assistance of my attorney, I have read the document entitled: **PLAINTIFF**

22  **LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST**

23  **FOR ADMISSION, SET ONE (1)**, as prepared by my attorneys.

24      2.      I am a party in this action. This information necessary to prepare the responses

25  includes facts personally known to me and matters which I believe to be ture, and the responses

26  were prepared with the advice and assistance of legal counsel.

27      3.      Accordingly, I rely on my knowledge, and upon my attorneys and their agents for

28                                      -1-
   _____
   VERIFICATION OF LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST
                        FOR ADMISSIONS SET ONE (1)

the accuracy of some of the information stated in the responses, and on the basis thereof, I am

informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.

Executed on December 20, 2022, at Los Angeles, California.

LORENA VELAZQUEZ
*Plaintiff/Respondent*

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to this action.  My business address is 12079 Jefferson Boulevard, Los Angeles, California 90230

On December 20, 2022, I served the following document or documents:

1.  **VERIFICATION - LORENA VELAZQUEZ RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS SET ONE (1)**

2.  **LORENA VELAZQUEZ' RESPONSES TO DEFENDANT WALMART, INC.'S REQUEST FOR ADMISSIONS SET ONE (1)**

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which is printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed below (specify one):

☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the business's practices for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, the delivery was made to the attorney or at the attorney's office by leaving all the documents in an envelope or package that was clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

-i-

☒ **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties

to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

## SERVICE LIST

| ALLEN THEWENY, ESQ.<br>PETIT KOHN INGRASSIA LUTZ & DOLIN<br>11622 El Camino Real, #300<br>San Diego, CA 92130<br>Tel: (858) 755-8500<br>Fax: (858) 755-8504<br>Email: atheweny@pettitkohn.com | Counsel for Defendant Walmart, Inc. |
|---|---|

☒    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    (Federal)    I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

     Executed on December 20, 2022, at Los Angeles, California

                           Alice Ventura

-ii-

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: 310 774-45000 | FOR COURT USE ONLY |
|---|---|---|
| JUSTIN FARAHI, ESQ. (SBN 298086) | | |

ATTORNEY FOR *(name)*: Lorena Velazquez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO 92101
BRANCH NAME: SAN DIEGO SUPERIOR COURT

PLAINTIFF: LORENA VELAZQUEZ
DEFENDANT: WALMART, INC., PROTEA PROPERTIES, LLC., and Does 1 to 50

| **STATEMENT OF DAMAGES** (Personal Injury or Wrongful Death) | CASE NUMBER: CASE NO.37-2022-00021526-CU-PO-CT |
|---|---|

To *(name of one defendant only)*: WALMART, INC.
Plaintiff *(name of one plaintiff only)*: LORENA VELAZQUEZ
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                  AMOUNT
   a. [X] Pain, suffering, and inconvenience ........................................................................... $ 5,000,000.00
   b. [X] Emotional distress. ..................................................................................................... $ 3,000,000.00
   c. [ ] Loss of consortium ..................................................................................................... $
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ............................... $
   e. [ ] Other  *(specify)* $
   f. [ ] Other  *(specify)* $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* .................................................................................... $ 827,871.96
   b. [X] Future medical expenses *(present value)* .............................................................. $ 2,000,000.00
   c. [X] Loss of earnings *(to date)* ...................................................................................... $ 500,000.00
   d. [X] Loss of future earning capacity *(present value)* .................................................... $ 300,000.00
   e. [ ] Property damage ........................................................................................................ $
   f. [ ] Funeral expenses *(wrongful death actions only)* ....................................................... $
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ............................ $
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ............... $
   i. [ ] Other  *(specify)* $
   j. [ ] Other  *(specify)* $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $
   when pursuing a judgment in the suit filed against you.

Date: 09/29/2022

JUSTIN FARAHI
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

EXHIBIT "7" - Page 49

**CIV-050**

| | |
|---|---|
| PLAINTIFF: LORENA VELAZQUEZ<br>DEFENDANT: WALMART, INC., PROTEA PROPERTIES, LLC., and Does 1 to 50 | CASE NUMBER:<br>CASE NO.37-2022-00021526-CU-PO-CT |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the

   a. ☐ Statement of Damages   ☐ Other   *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant   ☐ other   *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*

   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)

   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))

   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.

4. Fee for service: $

5. Person serving:

   a. ☐ California sheriff, marshal, or constable

   b. ☐ Registered California process server

   c. ☐ Employee or independent contractor of a registered California process server

   d. ☐ Not a registered California process server

   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

► _____
(SIGNATURE)

► _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

EXHIBIT "7" - Page 50



# Secretary of State
# Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| Entity Name: | WALMART INC. |
| Entity No.: | 1634374 |
| Registration Date: | 02/03/1989 |
| Entity Type: | Stock Corporation - Out of State - Stock |
| Formed In: | DELAWARE |
| Status: | Active |

The above referenced entity is active on the Secretary of State's records and is qualified to transact intrastate business in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of June 20, 2022.

SHIRLEY N. WEBER, PH.D.
Secretary of State

Certificate No.:  023259530

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.



## Search Incorporations, Cooperatives, Banks and Insurance Companies

This is only a preliminary search and no guarantee that a name is available for initial filing
until a confirmation has been received from the Secretary of State after filing has been processed
Please review our NAME AVAILABILITY GUIDELINES HERE prior to searching for a new entity name.

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | RACHEL BRAND , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | AMANDA WHALEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

Purchase a Certificate of Good          Pay Franchise Tax for this corporation
Standing for this Entity

EXHIBIT "9" - Page 52